UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JESSIE D. MCDONALD,                                    CIVIL NO. 08-5069 (JNE/JSM)

    Plaintiff,

v.                                                     REPORT AND RECOMMENDATION

OVERNITE EXPRESS, ET AL., AND
TRANSPORT LEASING CONTRACT, INC.,

    Defendants.

The above matter came on before the undersigned upon Motion to Dismiss of Transport Leasing Contract, Inc. [Docket No. 11]; Defendant Overnight Express' Motion to Dismiss [Docket No. 15]; plaintiff's Motion for a Default Judgment [Docket No. 24] and plaintiff's Motion for Relief of Judgment [Docket No. 41]. These motions were decided on the papers. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and Local Rule 72.1(c).

## I.  BACKGROUND

Plaintiff Jessie D. McDonald ("McDonald") alleged the following in his Complaint:

On September 4, 2007, defendant Overnite Express ("Overnite") hired McDonald as a road driver. See Complaint for Damages ("Complaint"), ¶ 2. McDonald underwent orientation with three other new drivers who were Caucasian. Id., ¶ 2. At the conclusion of the orientation period, MacDonald was the only driver that was assigned to a pre-selected truck, No. 1044. Id., ¶ 3.

Drivers working for Overnite are paid on a per mileage basis, which resulted in McDonald being paid $.34 per mile. Id., ¶ 4. As such, McDonald's salary was based on the number of trips he made and the mileage covered on each trip during each pay period. Id., ¶ 5. After a driver completed delivery of a load, he would pick up another load and accumulate more miles, thereby resulting in a larger pay check. Id., ¶ 6.

McDonald claimed that he was subject to discrimination based on his race and age based on several incidents.

- On one occasion, he was dispatched to pick up a load on a Monday and to deliver it to a destination approximately 500 miles away on a Friday, which limited McDonald's pay for the week to $170.00. See Complaint, ¶ 7.

- During orientation, McDonald and the other drivers were instructed to contact the dispatcher in the areas where a load was being delivered in order to be assigned a new dispatch. Id., ¶ 10. Thus, on one occasion, McDonald delivered a load in Illinois, and the Chicago dispatcher gave him a different load to be delivered within a reasonable time. Id., ¶ 11. But after this incident, McDonald was instructed to only contact the dispatcher assigned to him in Saint Paul, Minnesota, and the Chicago dispatcher hung up on McDonald after he called her to inform her of his presence in Chicago. Id., ¶ 12.

- On another occasion, McDonald was dispatched to drive with an empty load nearly 200 miles to pick up a load and to deliver the load to a location 34 miles from the pick-up, at pre-set time that was impossible to make in light of the 200 mile distance. Id., ¶ 13. McDonald was then instructed to wait until the next day to make the delivery without any further pay. Id., ¶ 12.

- After expressing his concern regarding his lack of compensation, McDonald was instructed to meet with another driver to swap trailers; was subjected to a random drug test that was not ordered for any other driver; was singled out by having his assigned truck checked for speed tampering; and was issued a letter of reprimand by Overnite's Safety Director for log violations that were never discussed at his orientation. Id., ¶¶ 14-17.

- The Safety Director "read out incidents" against McDonald from an accident that caused the wreckage of Truck No. 1044, when he had nothing to do with the accident. Id., ¶ 18.

- While McDonald had advised Overnite that he had no previous experience driving in snow, he became stuck in the snow with his truck, which

2

necessitated the use of a wrecker at the cost of approximately $500. Id., ¶¶ 19-20.

- Several weeks later, McDonald was forced to use the median on an Interstate highway in order to avoid an accident, which necessitated the use of a wrecker at the cost of approximately $500. Id., ¶ 21.

- On March 31, 2008, while leaving the parking area at a truck stop to make a delivery, the trailer on McDonald's truck clipped the mirror on another truck, costing approximately $40.00. Id., ¶ 22.

- After making that delivery and returning to the terminal on March 31, 2008, Overnite terminated his employment. Complaint, ¶ 23. The separation notice stated that the reason for McDonald's termination was the March 31, 2008 incident involving the clipped mirror. Id., ¶ 24.

In the preamble of his Complaint, McDonald asserted that Overnite had singled him out for discrimination and harassment based solely on the fact that he is Black and 65 years old, in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. See Complaint at p. 1. In the "Relief Sought" section of the Complaint, McDonald demanded judgment against defendants pursuant to 42 U.S.C. §§ 1983, 1985, 1986 for conspiring to deprive him of his civil right to be free from harassment. Id. at p. 6.

The Complaint was filed on September 2, 2008. See Docket No. 1. The Summons for the Complaint was issued on September 25, 2008. The Summons and Complaint was served on Overnite and defendant Transport Leasing Contract, Inc. ("Transport Leasing") on October 6, 2008. See Docket No. 8. On October 27, 2008, both Transport Leasing and Overnight filed an Answer to the Complaint and brought a motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Docket Nos. 9, 11, 15, 21.

On November 3, 2008, McDonald filed a Motion for Default Judgment [Docket No. 24] against Transport Leasing. On December 18, 2008, McDonald filed a Motion for Relief of Judgment [Docket No. 41].

## II.   STANDARD OF REVIEW

### A.   Rule 12(b)(6) Motion to Dismiss

A civil complaint will be dismissed upon motion by a defendant, if the plaintiff has failed to plead an actionable claim for relief against that defendant. Fed. R. Civ. P. 12(b)(6). To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to some legal redress against the named defendants under some established legal theory.

> At this stage of the litigation, we accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007); Fed.R.Civ.P. 8(a)(2). The plaintiffs need not provide specific facts in support of their allegations, Erickson v. Pardus, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. Twombly, 127 S.Ct. at 1964-65 & n. 3. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) ("the complaint must allege facts, which if true, state a claim as a matter of law").

Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). Thus, to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). However, "[a]lthough it is to be liberally

4

construed, a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

### B. Motion for Default Judgment

The Federal Rules of Civil Procedure provide that default must be entered against a party who "has failed to plead or otherwise defend and that failure is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). A motion for default judgment must be preceded by an entry of default. See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) ("entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)"). "The entry of default judgment is not favored by the law . . . and should be a rare judicial act." In re Jones Truck Lines, Inc., 63 F.3d 685, 688 (8th Cir. 1995) (citation and quotations omitted).

## III. ANALYSIS

### A. DEFENDANTS' MOTIONS TO DISMISS

Pursuant to Rule 12(b)(6), defendants sought dismissal of MacDonald's claims under 42 U.S.C. §§ 1983, 1985, and 1986 for conspiring to deprive him of his civil right to be free from harassment. In response to the motions to dismiss, MacDonald represented, "[p]laintiff states that this is an action brought under Title VII of the Civil Rights Act and there is no connections with actions brought, under 42 U.S.C. §§§ [sic] 1983, 1985 or 1986 of the United States Codes. See Response in Opposition to Motion to Dismiss ("Pl.'s Resp.") at p. 1[1] Id. at pp. 2-3. However, in his unauthorized

---

[1] The rest of MacDonald's response pertained to the validity of his Title VII claim.

Response to Reply in Support of Motion to Dismiss,[2] MacDonald indicated that he had served interrogatories on Pam Schwind and Cheryl Lambert at Overnite (for which he had received no answers), and that the answers to these interrogatories would determine whether 42 U.S.C. §§ 1983, 1985, and 1986 should be part of his lawsuit. Id., p. 1.

Based on his response to defendants' motions to dismiss, it appears that MacDonald abandoned his claims under 42 U.S.C. §§ 1983, 1985, 1986, and on that basis, the Court recommends granting defendants' motions to dismiss as to these claims. However, in light of the comments made by MacDonald in his unauthorized Reply, the Court will address the merits of defendants' motions to dismiss MacDonald's claims under 42 U.S.C. §§ 1983, 1985, 1986.

### 1. 42 U.S.C. § 1983

Defendants argued that MacDonald failed to state a claim for relief under 42 U.S.C. § 1983 because MacDonald has not alleged that they, as private corporations, were acting under the color of state law. See Overnite's Memorandum of Law in Support of Defendants' Motion to Dismiss ("Overnite Mem.") at pp. 2-3; Transport Leasing's Memorandum of Law in Support of Defendants' Motion to Dismiss ("Transport Leasing's Mem.") at pp. 3-4. This Court agrees.

Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

---

[2] United States District Court, District of Minnesota Local Rule 7.1(b) does not authorize a party to file a reply memorandum after he has filed a memorandum in opposition to a dispositive motion.

6

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

42 U.S.C. § 1983.

The first element required for a § 1983 claim is a determination of "whether the plaintiff has been deprived of a right 'secured by the Constitution and laws' of the United States." Doe v. Wright, 82 F.3d 265, 268 (8th Cir. 1996) (quoting Martinez v. California, 444 U.S. 277, 284 (1980)). The second element for a § 1983 claim is that "'the alleged deprivation was committed by a person acting under color of state law.'" Shrum ex rel. Kelly v. Kluck, 249 F.3d 773, 778 (8th Cir. 2001) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)). "Private misuse of a statute by a private actor is not sufficient to state a claim under section 1983." Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1129 (8th Cir. 1988) (citation omitted). While a private party may be found liable on a § 1983 claim, the private party must be a "'willful participant in joint action with the State or its agents.'" Mershon v. Beasley, 994 F.2d 449, 451 (8th Cir.) (quoting Dennis v. Sparks, 449 U.S. 24, 27 (1980)), cert. denied, 114 S. Ct. 1055 (1994). However, where a claim under § 1983 does not allege state action, the claim fails to state claim for relief. See Jackson v. Bale Chevrolet GEO, No. 93-4096, 24 F.3d 242, 1994 WL 202497 at *1 (8th Cir. May 25, 1994) (per curiam). Given that MacDonald failed allege any state action in conjunction with his § 1983 claim, defendants' motions to dismiss should be granted and the claims denied with prejudice.

### 2. 42 U.S.C. § 1985

Defendants argued that MacDonald failed to state a claim for relief under 42 U.S.C. § 1985 because MacDonald has not alleged the necessary elements for a claim

under § 1985 with sufficient particularity. See Overnite Mem. at pp. 2-3; Transport Leasing's Mem. at pp. 4-7. Overnite also asserted that MacDonald failed to state the necessary "state action" to support a conspiracy claim under § 1985 and because he seeks to redress harms properly remedied under Title VII. Id. at p. 7.

Title 42 U.S.C. § 1985(3)[3] provides in relevant part:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . . [and] if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

To establish a state a claim under § 1985, MacDonald must allege and demonstrate: (1) a conspiracy; (2) for the purpose of depriving another of equal protection of the law; (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property, or deprivation of a legal right. See Federer v. Gephardt, 363 F.3d 754, 757-58 (8th Cir. 2004) (citation omitted); see also Larson by Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir.1996) (en banc); D.W. v. Radisson Plaza Hotel Rochester, 958 F. Supp. 1368, 1376 (D. Minn. 1997). Claims under § 1985(3) also require a plaintiff to demonstrate a racial or class-based animus. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also City of Omaha Employees Betterment Ass'n v. City of Omaha, 883 F.2d 650, 652 (8th Cir. 1989) ("The 'purpose' element of the conspiracy

---

[3] MacDonald has not identified the specific subsection of § 1985 he is suing under in Complaint, however, based on the allegations in his Complaint, this Court assumes that he is attempting to assert a claim under § 1985(3).

requires that the plaintiff prove a class-based 'invidiously discriminatory animus.'") (citation omitted); Bartell v. Lohiser, 215 F.3d 550, 560 (6th Cir. 2000) (finding that § 1985(3) covers only those "conspiracies against: 1) classes who receive heightened protection under the Equal Protection Clause; and 2) 'those individuals who join together as a class for the purpose of asserting certain fundamental rights.'") (quoting Browder v. Tipton, 630 F.2d 1149, 1150 (6th Cir. 1980)). Section 1985 can cover private conspiracies. See Dornheim v. Sholes, 430 F.3d 919, 924 (8th Cir. 2005); Lewis v. Pearson Foundation, Inc., 908 F.2d 318, 321-22 (8th Cir. 1990).

Rule 8(a) of the Federal Rules of Civil Procedure provides in relevant part that a plaintiff need only include "a short and plain statement of the claim showing that the pleader is entitled to relief, . . . ." However, the Eighth Circuit has found that a claim for conspiracy must be alleged with more particularity than is normally required by Rule 8(b) of the Federal Rules of Civil Procedure." A plaintiff must allege with 'sufficient particularity' . . . that the parties reached some agreement and conspired together to deprive plaintiff of a federal right." Gometz v. Culwell, 850 F.2d 461, 464 (8th Cir. 1988) (citation omitted); see also Marti v. City of Maplewood, Missouri, 57 F.3d 680, 685 (8th Cir. 1995) ("'[T]he [appellants] must allege with particularity and specifically demonstrate with material facts that the Unions reached an agreement.' This showing can be accomplished by pointing to facts suggesting that the appellees reached an understanding to violate appellants' civil rights.") (quoting Employees Betterment Ass'n v. Omaha, 883 F.2d 650, 652 (8th Cir. 1989)). In addition, a plaintiff must allege, in conjunction with the conspiracy, that the defendants acted with class-based discriminatory animus. See Cwick v. Life Time Fitness, Inc., No. Civ. 04-2731

9

(PAM/RLE), 2004 WL 2065063 at *4 (D. Minn. Sept. 2, 2004) (finding that because the plaintiffs alleged that defendants engaged in a conspiracy, plaintiffs were required to allege that defendants acted with class-based discriminatory animus).

MacDonald has stated that Overnite singled him out for discrimination and harassment based on the fact that he is of the "Black Culture." See Complaint at p. 1. However, the sole portion of MacDonald's Complaint that discusses a conspiracy only accused defendants of "conspiring to deprive Plaintiff of his Civil Rights to be free from harassment. . . ." Complaint at p. 6 (the "Relief Sought" clause). MacDonald's Complaint does not set forth any allegations or facts regarding an agreement or understanding to violate his civil rights (nor does he identify what rights are at issue), and his failure to plead a meeting of the minds is fatal. As such, this Court recommends that defendants' motions to dismiss as it relates to MacDonald's § 1985 claim be granted and that the claims be dismissed without prejudice.

**C.   42 U.S.C. § 1986**

42 U.S.C. § 1986 states that:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for

10

> the benefit of the next of kin of the deceased. But no action
> under the provisions of this section shall be sustained which
> is not commenced within one year after the cause of action
> has accrued.

A cause of action under 42 U.S.C. § 1986 is dependent upon a valid § 1985 claim. See Lewellen v. Raff, 843 F.2d 1103, 1116 (8th Cir.1988), cert. denied, 489 U.S. 1033 (1989); see also Adams v. Boy Scouts of America-Chickasaw Council, 271 F.3d 769, 774 n. 8 (8th Cir. 2001). Since MacDonald has failed to state a claim under § 1985, as discussed above, his claim under § 1986 also fails to state claim for relief and defendants' motions to dismiss as to this claim should be granted and the claim be dismissed with prejudice.

### B. PLAINTIFF'S RULE MOTION FOR DEFAULT JUDGMENT

MacDonald argued that he is entitled to default judgment against Transport Leasing on the basis that it failed to have an attorney appear on its behalf or answer the Complaint within the time allotted. See Motion for Default Judgment [Docket No. 24].

Transport Leasing countered that it filed an answer and a motion to dismiss on October 27, 2008, within 20 days of the alleged service of the Summons and Complaint on it. See Defendant TLC's Response to Plaintiff's Motion for Default Judgment at pp. 1-2.

MacDonald's motion fails for several reasons. First, no motion has been previously brought by MacDonald to find Transport Leasing in default, and no such judicial determination has been made. See Johnson, 140 F.3d at 783. Second, even if MacDonald had properly stylized his motion as a motion to find Transport Leasing in default, there is nothing to indicate that it is not defending this case.

11

Under Fed. R. Civ. P. 12(a)(1), a party must serve a "responsive pleading" . . . "within 20 days after being served with a summons and complaint, . . ." A motion to dismiss under Rule 12(b)(6) for failure to state a claim may be filed in lieu of an answer. See Fed. R. Civ. 12(b). In this case, the Complaint was filed on September 2, 2008. See Docket No. 1. The Summons for the Complaint was issued on September 25, 2008. The Summons and Complaint was served on Transport Leasing on October 6, 2008. See Docket No. 8. On October 27, 2008 Transport Leasing filed an Answer to the Complaint and brought a motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Docket Nos. 9, 11.

Given that Transport Leasing filed an Answer and a Motion to Dismiss, the Court finds that Transport Leasing has both plead and defending this action as is required by Rule 55(a). The Court consequently recommends that plaintiff's Motion for Default Judgment against Transport Leasing be denied.

### C. MOTION FOR RELIEF FROM JUDGMENT

MacDonald has objected to District Judge Joan Ericksen's November 20, 2008 Order [Docket No. 28], referring defendants' motions to dismiss and his motion for default judgment to the undersigned United States Magistrate Judge. See Motion for Relief From Judgment at p. 1. However, at the same time, MacDonald stated that the whole case should be referred to the Magistrate Judge with the opportunity of an appeal of this Court's decisions to Judge Ericksen. Id. at pp. 1-2.

A district court, independent of the parties' consent, may designate a magistrate judge to hear and determine nondispositive motions, such as motions to compel and motions to amend, as well as dispositive motions, by way of a Report and

Recommendation to the District Judge, for motions to dismiss and motions for default judgment. See 28 U.S.C. § 636(b)(1)(A), (B). To the extent that MacDonald disagrees with this Court's ruling in its Report and Recommendation or in any other order, he may file objections to any ruling with Judge Ericksen.

As such, this Court recommends that MacDonald's Motion for Relief from Judgment be denied.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that:

1. Motion to Dismiss of Transport Leasing Contract, Inc. [Docket No. 11] be **GRANTED**;

2. Defendant Overnight Express' Motion to Dismiss [Docket No. 15] be **GRANTED**;

3. Plaintiff's Motion for a Default Judgment [Docket No. 24] be **DENIED**; and

4. Plaintiff's Motion for Relief of Judgment [Docket No. 41] be **DENIED**.


Dated:     June 18, 2009

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

## **NOTICE**

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 6, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **July 6, 2009**.