UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JESSIE D. MCDONALD,  CIVIL NO. 08-5069 (JNE/JSM)

Plaintiff,

v.  REPORT AND RECOMMENDATION

OVERNITE EXPRESS,

Defendants.

The above matter came on before the undersigned upon plaintiff's Motion for Summary Judgment [Docket No. 70]; defendants Overnite Express, Inc. and Quail Trucking, Ltd.'s Motion to Dismiss [Docket No. 123]; defendants Overnite Express, Inc. and Quail Trucking, Ltd.'s Further Motion for Sanctions [Docket No. 131]; and plaintiff's Motion for Default Judgment [Docket No. 145]. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and Local Rule 72.1(c).

I. BACKGROUND

A. Plaintiff's Conduct Relating to the Complaint

The initial Complaint in this matter was filed by plaintiff Jessie McDonald ("McDonald") on September 2, 2008 asserting claims under Title VII and 42 U.S.C. §§ 1983, 1985, 1986. See Docket No. 1. Transport Leasing Contract, Inc. ("TLC") and Overnite Express, Inc. ("Overnite") were the only captioned defendants, and McDonald

alleged that Overnite was operating under the name of Quail Trucking.[1]  See Complaint, ¶ 1.  Hereafter, Overnite and Quail Trucking are collectively referred to as "Overnite". TLC and Overnite moved to dismiss the claims based on 42 U.S.C. §§ 1983, 1985, 1986; on June 18, 2009, this Court issued a Report and Recommendation [Docket No. 44] recommending the dismissal of these claims; and on July 10, 2009, Federal District Judge Joan N. Ericksen affirmed the Report and Recommendation and dismissed the claims with prejudice. [Docket No. 59].[2]  On July 10, 2009, TLC moved to dismiss the only remaining claim against it – the Title VII claim; on September 24, 2009, this Court issued a Report and Recommendation [Docket No. 75] recommending dismissal of this claim against TLC without prejudice, which was adopted by Judge Ericksen on October 26, 2009. [Docket No. 100].[3]

On October 2, 2009, while this Court's decision recommending dismissal of TLC was pending and before Judge Ericksen issued the Order adopting the Report and Recommendation, McDonald brought a motion to amend his complaint.  See Docket No. 78.  The proposed second amended complaint was dated September 7, 2009, and sought to assert claims under Title VII against Overnite, Quail Trucking, TLC and Universal Am-Can Ltd.  See Docket No. 79.  On November 5, 2009, this Court granted

---

[1] There is no evidence in the docket that an individual summons was issued with regards to the Complaint or the Amended Complaint as to Quail Trucking or that service was effectuated on Quail Trucking as an individual defendant.

[2] Prior to issuance of the Order dismissing the §§ 1983, 1985, 1986 claims with prejudice, McDonald filed an Amended Complaint asserting the same claims against TLC and Overnight.  See Amended Complaint [Docket No. 47].

[3] On January 19, 2010, Judge Ericksen denied McDonald's request to file a motion for reconsideration from the Order that dismissed TLC from this action.  See January 19, 2010 Order [Docket No. 140].

McDonald's motion to amend permitting him to amend his complaint as to Overnite, Quail Trucking, and Universal Am-Can Ltd.[4] See November 5, 2009 Order [Docket No. 109]. The Court ordered McDonald to serve on Overnite and Quail Trucking and file with the Court the Second Amended Complaint approved by the Court on or before November 12, 2009. Id. The Court also ordered McDonald to separately serve the Second Amended Complaint on Universal Am-Can Ltd. as Overnite's counsel represented that he did not represent Universal Am-Cam. Id. On November 16, 2009, McDonald filed a Certificate of Service [Docket No. 114], stating that on November 11, 2009, he had served the Second Amended Complaint, dated September 7, 2009, on Overnite and Quail Trucking, and Universal Am-Can Ltd. by certified mail. McDonald did not file the Second Amended Complaint as ordered by the Court. At the November 20, 2009 hearing before the Court, counsel for Overnite stated that the Second Amended Complaint served upon him was not the Second Amended Complaint attached to McDonald's motion at Docket No. 79 (dated September 7, 2009) and approved by the Court. The Court then issued another written order requiring McDonald to serve on Overnite, Quail Trucking, and Universal Am-Can Ltd., and file with the Court, the Second Amended Complaint dated September 7, 2009 that was the subject of his motion to amend [Docket No. 79] and approved by the Court. See November 25, 2009 Order [Docket No. 121] at p. 5.

As of the date of this Report and Recommendation, McDonald has not filed the Second Amended Complaint attached to his motion at Docket No. 79, nor is there any

---

[4] As previously stated, TLC had already been dismissed on October 26, 2009.

3

evidence in the record that McDonald has served this amended pleading on Overnite, Quail Trucking or Universal Am-Can Ltd.

B. **Plaintiff's Conduct Relating to Discovery**

On September 16, 2009, Overnite served its First Set of Interrogatories and First Request for Production of Documents on McDonald. See October 21, 2009 Affidavit of Michael L. McCain in Support of Defendants' Motion to Compel [Docket No. 88], Exs. A, B. On September 25, 2009, McDonald served and filed a motion for summary judgment against TLC and Overnite [Docket No. 70].[5] On October 9, 2009, McDonald sent a letter to counsel for Overnite stating that he refused to answer this discovery.[6] Id., Ex. C. On October 16, 2009, Overnite served a Notice of Deposition on McDonald for October 27, 2009 at 9:30 a.m. at its lawyer's law offices in Minneapolis, Minnesota. Id., Ex. D. On October 19, 2009, during a telephone conference with counsel for Overnite and TLC, McDonald reiterated his refusal to respond to the propounded written discovery absent a Court order, and his refusal to travel to Minnesota to his deposition, although he left open the option of a telephonic deposition. Id., ¶¶ 7-8. Based on McDonald's refusal to respond to discovery until the Court intervened, the parties

---

[5] After this motion was referred to this Court by Judge Ericksen [Docket No. 81], on October 8, 2009, this Court issued an order setting a briefing schedule for the motion [Docket No. 84]. Thereafter, Overnite and TLC moved to extend the deadline for their response to this motion in light of the pending Report and Recommendation by this Court recommending dismissal of TLC from the suit and the outstanding discovery disputes between the parties regarding McDonald's refusal to respond to discovery or appear for his deposition. See Docket No. 94 The Court initially granted both TLC and Overnite's request [Docket No. 101] for an extension and then again extended the date by which Overnite was required to respond to McDonald's summary judgment motion until after he had fully and completely responded to the written discovery ordered answered by this Court and his deposition had occurred. See Docket No. 121 at p. 6.

[6] The letter was also directed to counsel for TLC as the Order dismissing it from the suit had yet to be issued.

4

agreed to informally confer with the Court regarding these disputes. Id., ¶ 9. Counsel for Overnite set up the informal telephone conference with the Court for October 20, 2009, and notified McDonald of the conference by email, voicemail and letter. Id. Ex. E. McDonald failed to appear or engage in the informal telephonic conference scheduled with the Court on the discovery disputes that had been agreed to by the parties. Id., ¶ 9.

On October 21, 2009, Overnite served and filed a motion to compel [Docket No. 85], based on McDonald's failure to respond to written discovery and his refusal to present himself for his deposition.[7] McDonald made no appearance at the November 4, 2009 hearing and never responded to Overnite's motion to compel.

On November 5, 2009, this Court issued an Order continuing Overnite's motion to compel and McDonald's Motion Presenting Discovery Dispute until November 20, 2009. See November 5, 2009 Order [Docket No. 109]. The Court continued these motions in order to give McDonald "<u>one last opportunity</u> to file with the Court and serve on Overnite a substantive response to its Motion to Compel and to appear by telephone for a hearing before the Court on **Friday November 20, 2009 at 11:00 a.m.**" Id. (emphasis in original). The Court also ordered McDonald to serve and file a written response to defendants' Motion to Compel on or before November 16, 2009. Id. On

---

[7] On the same day, October 21, 2009, McDonald served on counsel for TLC (but not Overnite) a Motion Presenting Discovery Dispute and Request for Telephonic Deposition. [Docket Nos. 102, 104, 106]. These pleadings were filed with the Court on October 26, 2009. See Docket Nos. 102-106. No date was set for hearing on these matters. In these pleadings, McDonald requested an order from this Court limiting defendants' discovery to the issues in this lawsuit, and asking that his deposition be taken telephonically. On October 30, 2009, McDonald served on counsel for TLC and Overnite a Request for Case Management Order [Docket No. 111] to determine the scope of interrogatories and depositions.

November 16, 2009, McDonald filed with the Court the October 9, 2009 letter he had previously sent to counsel for TLC and Overnite, which stated that he was not going to respond to the propounded discovery because it did not address the issues in the Complaint.[8]  See Docket No. 113.  McDonald filed no substantive response to Overnite's Motion to Compel.

On November 20, 2009, the hearing on Overnite's continued motion to compel was held.  McDonald did not appear in person or by telephone at the hearing.  The Court proceeded to grant in part and deny in part Overnite's motion to compel as it related to the First Set of Interrogatories and First Request for Production of Documents.  See November 25, 2009 Order [Docket No. 121].  The Court also provided in the Order that:

> Plaintiff shall provide answers to interrogatories and documents responsive to Requests for Production, as ordered by the Court, on or before **December 15, 2009**.  Failure by plaintiff to provide timely and complete responses to the discovery ordered may result in further sanctions being assessed against him, including but limited to, monetary sanctions and possible dismissal of his case.

Id. at p. 4 (emphasis in original).

In addition, the Court denied McDonald's Request for Telephonic Deposition [Docket No. 104] and ordered that his deposition is "take place in Minnesota" and "be completed on or before January 10, 2010.  Id.  The Court cautioned that "[f]ailure by plaintiff to appear in person for his deposition may result in further sanctions being assessed against him, including but limited to, monetary sanctions <u>and possible dismissal of his case</u>."  Id. (emphasis added).  Further, the Court ordered McDonald to

---

[8] This letter was already filed by Overnite as part of its Motion to Compel.  See October 21, 2009 Affidavit of Michael L. McCain [Docket No. 88], Ex. C.

pay to Overnite attorney's fees in the amount of $1850 incurred by it in connection with the November 4 and November 20 hearings on the motion to compel. Id. at pp. 4-5. The Court again warned McDonald that if he failed to comply with its Order and make payment of the fees by December 15, 2009, "further sanctions [could be] assessed against him, including but limited to, monetary sanctions and <u>possible dismissal of his case</u>." Id. at p. 5 (emphasis added). Finally, the Court ordered that Overnite was not required to serve and file its opposition papers to McDonald's Motion for Summary Judgment [Docket No. 70] until 30 days after McDonald "fully and completely" responded to the written discovery ordered by this Court and his deposition had occurred. Id. at p. 6.

On December 8, 2009, Overnite served McDonald with a Notice of Amended Deposition via regular mail to his post office box address, which scheduled his deposition for December 29, 2009, at the law offices of Overnite's lawyer in Minneapolis, Minnesota. See Affidavit of Michael L. McCain in support of Defendants' Motion for Further Sanctions [Docket No. 134], ¶ 6. McDonald failed to appear at his December 29, 2009 deposition, and did not contact Overnite's counsel to reschedule the deposition. Id., ¶ 8.

On December 17, 2009, Overnite brought Motion to Dismiss under Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure [Docket No. 123], arguing that McDonald's action against it should be dismissed due to his failure comply with this Court's November 5 and 25, 2009 Orders, by not filing and serving his Second

Amended Complaint, and by failing to answer Overnite's discovery requests and deliver a check to its counsel in the amount of $1850 by December 15, 2009, as ordered.[9]

On December 29, 2009, Overnite brought a Motion for Further Sanctions under Rule 37(b) [Docket No. 131]. In this motion, Overnite reiterated its position that McDonald's suit against it should be dismissed due to his failure to respond to its written discovery requests and his failure to issue a check to its counsel in the amount of $1850.00, as ordered by this Court on November 25, 2009. As an additional basis for dismissal, the motion also relied on McDonald's failure to appear at the December 29, 2009 deposition or contact counsel to reschedule the deposition, in violation of this Court's November 25, 2009 Order.

On January 4, 2010, McDonald filed his Answers to First Set of Interrogatories and Request for Documents. See Docket No. 136.[10]

On January 19, 2010, this Court heard oral argument on Overnite's Motion for Further Sanctions. See Docket No. 141. McDonald did not submit any written response to this motion, nor did he appear at the hearing in person or by telephone. Id. Having received no written response from McDonald to Overnite's Motion to Dismiss and no written or oral communications from McDonald regarding his attendance at the hearing on the motion, on February 16, 2010, this Court cancelled the hearing and indicated that it would decide the motion on the written submissions. See Docket No.

---

[9] This Court notes that McDonald's December 23, 2009 Objections to Proposed Order [Docket No. 129] misinterpreted Overnite's proposed order, which was part of its Motion to Dismiss, as an order from this Court granting the motion. See January 19, 2010 Order [Docket No. 140].

[10] In the preamble, McDonald stated "I do not have access to my mail and the means to meet the time sensitive deadlines and request that the court do not hold to the strict schedule." See Docket No. 136.

142. On February 19, 2010, McDonald served a response to Overnite's Motion to Dismiss arguing that Overnite was not entitled to dismissal of his case because he answered their interrogatories and he had not refused to comply with any deposition requirements.[11] According to McDonald, he could not afford the expense of appearing for his deposition in Minnesota and he had offered to have his deposition taken by phone or in Nashville, Tennessee.

## II. ANALYSIS

### A. Defendants' Motions to Dismiss and For Further Sanctions

Pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure, Overnite moved for dismissal of McDonald's action against it and for an award of attorney's fees against McDonald for his failure to comply with this Court's orders.[12]

Rule 37(b)(2)(A) provides for the following for a party's failure to obey an order to provide discovery:

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

---

[11] This pleading was never filed with the court.

[12] The Eighth Circuit has expressed its preference that noncompliance with discovery orders rely on Rule 37, rather than Rule 41. See Sentis Group, Inc., Coral Group, Inc. v. Shell Oil Co., 559 F.3d 888, 899-900 (8th Cir. 2009). This Court acknowledges that Overnite also moved to dismiss on the basis that McDonald did not serve and file the Second Amended Complaint approved and ordered by the Court. Rule 41(b) provides in relevant part, "[f]or the failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant." As McDonald never served or filed the Second Amended Complaint approved by the Court, and the deadline to serve and file the pleading (December 10, 2010), has passed, McDonald is still prosecuting the action under the Amended Complaint [Docket No. 47], and thus, there is no basis to dismiss McDonald's action under Rule 41(b).

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"To justify a sanction of dismissal, Rule 37 requires: '(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" Sentis Group, Inc., 559 F.3d at 899 (quoting Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000) (citation omitted)).[13] The discretion of a court to issue Rule 37 sanctions "'is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and relate to the claim at issue in the order to provide discovery.'" Hairston v. Alert Safety Light Products, Inc., 307 F.3d 717, 719 (8th Cir. 2002) (quoting Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992)). However, "'the district court's discretion narrows as the severity of the sanction or remedy it elects increases.'" Sentis Group, 559 F.3d at 888 (quoting Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008). This is because the "sanction of dismissal is among the harshest of sanctions,

---

[13] At the time Schoffstall was decided, sanctions for failure to comply with a court order were reflected in Rule 37(b)(2)(C).

and '[t]here is a strong policy favoring a trial on the merits and against depriving a party of his day in court.'" Id. (quoting Fox v. Studebaker-Worthington, Inc., 516 F.2d 989, 995-96 (8th Cir. 1975)). "While the sanction of dismissal is 'drastic' and should therefore be used only in exceptional cases, Allen v. Tobacco Superstore, Inc., 475 F.3d 931, 936 (8th Cir. 2007) (quoting Chrysler Corp. v. Carey, 186 F.3d 1016, 1019-20 (8th Cir. 1999)), a district court is not required to impose the least onerous sanction so long as it considers whether a lesser sanction is available or appropriate, Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 941 (8th Cir. 2000)." Brennan v. Qwest Communications Intern., Inc., Civil No. 07-2024 (ADM/JSM), 2009 WL 1586721 at *7 (D. Minn. June 4, 2009). "Rule 37 provides a sufficient, independent basis for dismissal of a complaint with prejudice." Id. at *15 (citing Kabanuk v. City of Harris, Civil No. 07-2119 (MJD/SRN), 2008 WL 314705 at *3 (D. Minn. Feb. 04, 2008)); see also Hutchins v. A.G. Edwards & Sons, 116 F.3d 1256, 1260 (8th Cir. 1997).

This Court finds that dismissal of McDonald's action against Overnite is warranted. McDonald has a long history of not only ignoring his obligations as a litigant and the requirements of discovery, but the Order of this Court directing him to respond to Overnite's written discovery, appear at this deposition, and pay attorney's fees as a sanction. In short, every step of the way, McDonald has refused to cooperate, much comply, with his duties as a plaintiff who is seeking relief in this Court. First, McDonald refused to provide any response to the written discovery served upon him by Overnite as required by the Federal Rules of Civil Procedure, and refused to appear in Minnesota for his scheduled deposition. He then agreed to address his disputes with this

discovery informally with Overnite by a telephonic conference with the Court, but did not appear at the scheduled conference.

Second, when Overnite served him with a motion to compel responses to its written discovery, McDonald made no appearance at the hearing and filed no response to the motion. Instead of granting Overnite's motion at that time, the Court issued an Order on November 5, 2009, giving McDonald one last chance to serve and file a written response to Overnite's motion and to appear by telephone at the continued hearing on November 20, 2009. See November 5, 2009 Order [Docket No. 109]. Again McDonald ignored the Order of the Court. He filed no substantive response to Overnite's motion as ordered by this Court, and he did not appear at the hearing on November 20, 2009.

Following this hearing, this Court issued its November 25, 2009 Order requiring McDonald to provide answers to Overnite's interrogatories and responsive documents on or before December 15, 2009; to present himself for his deposition in Minnesota on or before January 10, 2010; and to pay Overnite's $1850 (by December 15, 2009) in monetary sanctions arising out of the motion to compel. McDonald did not comply with any part of this Order. He never appeared at this deposition scheduled by Overnite for December 29, 2009; he never made arrangements to schedule the deposition prior to January 10, 2010; and he never paid Overnite the attorney's fees ordered by the Court. While McDonald ultimately did respond to Overnite's interrogatories and document

requests, he did so nearly three weeks after they were due, and without consent of Overnite or an order of this Court extending the time for him to answer.[14]

Finally, McDonald neither responded nor appeared at Overnite's motion for sanctions, nor did he appear or make a timely response to Overnite's motion for dismissal. It was only after this Court cancelled the hearing on Overnite's motion to dismiss, that McDonald submitted a written response in opposition to the motion arguing that the motion was moot because he had served his responses to written discovery, and he could not afford to come to Minnesota for his deposition.

Given this record, the Court finds that McDonald has willfully violated this Court's November 25, 2009 Order regarding discovery and has deliberately and intentionally disregarded the duties he owes to this Court and Overnite as a litigant under the Federal Rules of Civil Procedure, as evidenced by his persistent failure to answer discovery requests directed to him, respond to motions filed against him, and comply with the Court's directives and orders.

With regards to prejudice, even assuming that McDonald's belated answers to Overnite's interrogatories were adequate (which Overnite disputes) and McDonald was

---

[14] In his interrogatory answers, McDonald stated that he did not have access to his mail or the means to respond to the Court's time sensitive deadlines. See Answers to First Set of Interrogatories [Docket No. 136]. The evidence in the record suggests to the contrary. The docket indicates that McDonald has received this Court's communications, as is evidenced by the fact that McDonald has objected to this Court's Report and Recommendations and appealed or sought relief from this Court's Orders on several occasions. See e.g., Docket Nos. 46, 82, 108, 129, 130. Further, McDonald was fully aware of Overnite's attempt to dismiss his action for his failure to abide by this Court's discovery order, as is evidenced by his objection to the proposed order submitted by Overnite regarding its motion to dismiss, that was dated six days after the filing of the motion. See Docket No. 129. In any event, the Court gave McDonald ample time to comply with its orders and McDonald made no request to the Court for an extension.

truthful when he stated he had no responsive documents in his possession or control, this Court concludes that McDonald's refusal to submit himself to an in-person deposition in Minnesota is prejudicial to Overnite. McDonald sought an order requiring his deposition to take place by telephone, which this Court denied on November 25, 2009. Given this Court's Order requiring that his deposition be taken by January 10, 2010, and his failure to appear for the re-noticed deposition on December 29, 2009, failure to contact Overnite's counsel to reschedule the deposition, or to make himself available for an in-person deposition in Minnesota even after Overnite brought its motions for sanctions and for dismissal, this Court finds that it was and is McDonald's intention to never travel to Minnesota to have his deposition taken. While a deposition in Minnesota may amount to an inconvenience or financial burden to McDonald, this is his action and he is obligated to prosecute his case and meet the requirements of a litigant, not to mention this Court's Orders. Without McDonald's deposition, Overnite was prevented from obtaining the evidence it needed to defend against this action, move for summary judgment or adequately prepare for trial. As such, this Court concludes that McDonald's willful failure to abide by this Court's November 25, 2009 Order directing his deposition take place in Minnesota has prejudiced Overnite.

Finally, this Court has considered the possibility of imposing a less serious sanction than dismissal with prejudice, such as monetary sanctions or staying this case until McDonald obeys this Court's November 25, 2009 Order. However, McDonald has shown that warnings of sanctions and lesser sanctions do not motivate him to act, as is evidenced by the fact that he still has not complied with the November 25, 2009 Order directing him to pay attorney's fees to Overnight in the amount of $1850. Moreover, his

conduct overall suggests that he will not follow this Court's directives – he has ignored this Court's two Orders directing that he serve and file the Second Amended Complaint approved by Court – and his failure to respond or appear at any of the motions brought by Overnight leads this Court to conclude that he will not respond to other matters before this Court.

For all the reasons stated above, this Court recommends that McDonald's action against defendants Overnite and Quail Trucking be dismissed with prejudice. The Court will not order any additional monetary sanctions against McDonald, as the Court concludes that the dismissal with prejudice is a sufficient sanction.[15]

### B. Plaintiff's Motion for Summary Judgment

McDonald's failure to provide responses to Overnite's discovery lead to an order by the Court that Overnite was not required to serve and file its opposition papers to McDonald's Motion for Summary Judgment [Docket No. 70] until 30 days after McDonald "fully and completely" responded to the written discovery ordered by this Court and his deposition had occurred. See November 25, 2009 Order [Docket No. 121] at p. 5. As stated above, McDonald has not meet the discovery obligations ordered by the Court. Therefore, given this Court's recommendation that his suit against Overnite be dismissed due to his failure to comply with the Court's discovery orders, this Court recommends that his pending Motion for Summary Judgment be denied as moot.

---

[15] This recommendation does not alleviate McDonald's obligation to pay to Overnite the $1850 ordered by the Court on November 25, 2009.

## C. Motion for Default Judgment against Universal Am-Can Ltd.

McDonald has asked that this Court grant default judgment against Am-Can[16] for the monetary sum that he sought in amendments to his complaints. See Plaintiff's Memorandum of Law [Docket No. 147] at p. 6. In support of his motion, McDonald claimed:

> Overnite Express went into bankruptcy reconstruction and was purchased by the Am-Can Transport entity and this Court granted the Motion to Amend, to add the Am-Can Ltd. entity and was served with a copy of all pleadings and motions, and so far Am-Cam has failed or refused submit an answer to the complaint, but wrote a letter to plaintiff suggesting that the lawsuit be dropped, before the cost for the litigation and damages amount to amount I would have difficult in paying.

Id. at p. 2. TLC responded to the motion for default judgment to clarify that it was not aware of any appeal to the Eighth Circuit of its dismissal from this action, as claimed by McDonald in his moving papers. See Docket No 149. Overnite responded to the motion for default judgment by claiming that it has not filed for bankruptcy, it had not been purchased by Universal Am-Can Ltd. and McDonald has failed to provide any proof that he served it, TLC or Universal Am-Can Ltd. with his Second Amended Complaint. See Docket No. 50. McDonald sent a Request Permission to Submit a

---

[16] This Court assumes that the Universal Am-Can Ltd. that McDonald sought to add in his Second Amended Complaint [Docket No. 79] is the same as the "Am-Can" and the "Am-Can Transport entity" that is the subject of his motion for default judgment. See Notice of Motion and Accompanying Memorandum Law [Docket Nos. 146, 147].

Reply in support of his motion for default judgment with a reply memorandum, which the Court has considered as part of its recommendation.[17]

The Federal Rules of Civil Procedure provide that default or default judgment may be entered against a party who "has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). A motion for default judgment must be preceded by an entry of default. See Fed. R. Civ. P. 55(a) and (b).

MacDonald's motion fails. First, no motion has been previously brought by McDonald to find Universal Am-Can Ltd. in default, and no such determination has been made. See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) ("When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).").

Second, even if McDonald had properly stylized his motion as a motion to find Universal Am-Can Ltd. in default, there is nothing to indicate that its was properly served in this case so as to give this Court jurisdiction over Universal Am-Can Ltd.

On November 5, 2009, this Court granted McDonald's motion to amend to add Universal Am-Can Ltd. [Docket No. 109] and on November 16, 2009, McDonald filed a Certificate of Service [Docket No. 114], stating that he had served the Second Amended Complaint dated September 7, 2009 on Universal Am-Can Ltd by certified mail. There is no indication that McDonald also served a summons on Universal Am-Can Ltd. See

---

[17] McDonald has failed to file his Request Permission to Submit a Reply in support of his motion for default judgment or his reply memorandum as of the date of this Report and Recommendation.

17

Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."). Service of the summons or not, mailing a copy of the Second Amended Complaint on the Universal Am-Can Ltd., as alleged by McDonald, without return to him of the waiver/acknowledgement of service forms from Universal Am-Can Ltd., does not constitute proper service of process. Federal Rule of Civil Procedure 4(e)(1) provides that service in a federal district court may be effected pursuant to the laws of the state in which the court is located. Minnesota Rule of Civil Procedure 4.05 provides that service "may be made by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 22 and a return envelope, postage prepaid, addressed to the sender." Minnesota Rule 4.05 explicitly states that if acknowledgment of service is not received by the sender within twenty days, "service shall be ineffectual." See also Minn. R. Civ. P. 12.01 (requiring an answer to be filed within 20 days after service). Alternatively, Fed. R. Civ. P. 4(d)(1) allows a plaintiff to notify a defendant via the mail that an action has been commenced and request that the defendant waive the service of the summons. See Fed. R. Civ. P. 4(d)(1)(A)-(G). However, the plaintiff must include with the notification a form for waiver of service of summons. See, e.g., Fed. R. Civ. P. Appx. Form 5 (Notice of Lawsuit and Request for Waiver of Service of Summons); Form 6 (Waiver of Service of Summons). The Eighth Circuit has held that the formal requirements of Minnesota Rule 4.05 and Fed. R. Civ. P. 4(d)(2) must be met in order for service by mail to be effective. See MW Ag, Inc. v. New Hampshire Ins. Co., 107 F.3d 644, 646-47 (8th Cir. 1997); see also Gulley v. Mayo Foundation, 886 F.2d 161, 164-65 (8th Cir. 1989).

Therefore, even assuming that McDonald did send by mail a copy of the summons and the court-approved Second Amended Complaint to Universal Am-Can Ltd., his failure to provide any evidence that he received the required signed waiver or acknowledgment of service forms from Universal Am-Can Ltd. renders ineffectual McDonald's attempted service of process.[18] As such, this Court cannot grant default judgment against Universal Am-Can Ltd., as it does not presently have personal jurisdiction over it. See Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 940 (5th Cir. 1999) ("When a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside"); Dennis Garberg U Assocs. v. Pack Tech Intern. Corp., 115 F.3d 767, 771 (10th Cir. 1997) ("We have noted earlier that judgment by default should not be entered without a determination that the court has jurisdiction over the defendant.") (citations omitted); Dedco, Inc., v. American Bonding Co., 7 F.3d 1387, 1388 (8th Cir. 1993) ("If a defendant is improperly served, the court lacks jurisdiction over the defendant.") (citing Cohen v. Newsweek, Inc., 312 F.2d 76, 77-78 (8th Cir. 1963)).

## RECOMMENDATION

For the reasons set forth above, it is recommended that:

1. Plaintiff's Motion for Summary Judgment [Docket No. 70] be **DENIED** as moot;

2. Defendants Overnite Express, Inc. and Quail Trucking, Ltd.'s Motion to

---

[18] This Court notes that actual notice to a defendant of a lawsuit does not excuse the burden of service on a plaintiff. See Hinz v. Washington Mutual Home Loans, No. 03-3203 (DWF/JGL), 2004 WL 729239 at *2 (D. Minn. April 2, 2004) (citing Sieg v. Karens, 693 F.2d 803, 807 (8th Cir. 1982)).

Dismiss [Docket No. 123] be **GRANTED**;

3. Defendants Overnite Express, Inc. and Quail Trucking, Ltd.'s Further Motion for Sanctions [Docket No. 131] be **GRANTED**; and

4. Plaintiff's action against Overnite Express, Inc. and Quail Trucking, Ltd. be **DISMISSED WITH PREJUDICE**.

5. Plaintiff's Motion for Default Judgment [Docket No. 145] be **DENIED**.


Dated: May 11, 2010

                                              s/ *Janie S. Mayeron*
                                              JANIE S. MAYERON
                                              United States Magistrate Judge


**NOTICE**

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 25, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.